# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KISHANDRA JEFFERSON, ET AL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER 06-1612** |
| **THE CITY OF NEW ORLEANS, ET AL.** | * | **SECTION "D" (3)** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF KERRY NAJOLIA

**MAY IT PLEASE THE COURT:**

Defendants herein respectfully oppose Plaintiffs' Motion in *Limine* to exclude the testimony of Major Kerry Najolia, upon suggesting the following:

**I**.

First, Plaintiffs' motion is not timely and thus ought to be denied on this basis alone. Plaintiffs received Mr. Najolia's report in early May, 2007. Plaintiffs have heretofore never objected to Mr. Najolia's testimony, not by way of motion, not by way of deposition (Plaintiffs never even sought to depose Mr. Najolia), not in the pre-trial order, and not even when directly asked by this Court at the pre-trial conference.

The pre-trial scheduling Order, signed by this Court on November 1, 2006, unequivocally provides that "[a]ll pre-trial motions, including motions in limine regarding the admissibility of expert testimony, *shall* be filed and served in sufficient time to permit hearing thereon *no later* than June 15, 2007 (60 days prior to the trial date). *Any motions filed in violation of this order shall be deemed waived unless good cause is shown.*" (emphasis added).

In the present case, Plaintiffs did not file their motion *in limine* to exclude the expert testimony of Kerry Najolia until July 27, 2007, almost two full months after such motions were due. Further, Plaintiffs state *no* reason at all for this violation of the Court's Order, let alone good cause.

Accordingly, Plaintiffs' motion ought to be deemed waived and denied as untimely.[1]

II.

Notwithstanding the foregoing, Plaintiffs' motion ought to be denied as it states inaccuracies and is otherwise without merit. First, contrary to Plaintiffs' assertions, Mr. Najolia will *not* be providing factual testimony. It is absolutely uncontested that Mr. Najolia was not present during the events that are the subject of this suit and is not a fact witness.

Second, it is further untrue that Mr. Najolia will be offering opinions as to

---

[1]     It should be further noted that the Court has stricken a defense witness, Captain Tim Scanlan, on grounds that he was not timely listed, to the extreme prejudice of defendants, despite the fact that Plaintiffs absolutely knew of this witness and the subject of his testimony. Defendants were prejudiced by the fact that Plaintiffs moved for an extension of the expert deadlines but not for the filing of witness and exhibit lists such that defendants' witness and exhibit lists were due prior to their expert reports. Further, as well documented, and through no fault of defendants herein, defendants were having difficulty getting evidence in the hands of the expert. Nonetheless, this witness was stricken solely on the basis that he was not listed on a witness list that was due before the expert's report. Defendants just ask that Plaintiffs be held to the same standard.

conclusions that are the exclusive province of the trier of fact to make. To the contrary, and as set forth in and proscribed by the Court's July 31st, 2007, minute entry, Mr. Najolia will respond to hypothetical scenarios propounded by counsel whereby the jury will then be instructed to give such weight to the answers to the hypothetical questions as they deem appropriate considering the accuracy of the facts hypothesized compared to the actual facts as the jury finds them to be.

Mr. Najolia will not supplant the jury in determining the facts, but will assist the jury in understanding how police officers are trained, and the policies and procedures in which they are trained, particularly in the use of lethal force. Mr. Najolia will provide pragmatic testimony regarding what police officers can and can not do in certain circumstances with which they are faced, and will offer testimony and evidence relative to the use of force continuum, how it operates (for instance when and how it escalates and de-escalates) and how lethal force is incorporated into the use of force continuum.

**WHEREFORE**, defendants herein pray that, after due proceedings are had, Plaintiffs' Motion in *Limine* be DENIED.

Respectfully Submitted:

/s/ James B. Mullaly
**JAMES B. MULLALY, LSB# 28296**
CITY HALL - ROOM-5E03
1300 PERDIDO STREET
NEW ORLEANS, LOUISIANA 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868

**JOSEPH V. DIROSA, LSB# 4959**

**CHIEF DEPUTY CITY ATTORNEY**
**FRANZ ZIBILICH, LSB# 14914**
**ASSOCIATE CITY ATTORNEY**

**PENYA MOSES-FIELD**
**CITY ATTORNEY**

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via electronic filing this 2nd day of August 2007.

/s/ James B. Mullaly
**JAMES B. MULLALY**